# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE D. McCALISTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-1282-HE |
| | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter comes before the Court on Defendants' Motion to Compel, in which Defendants ask the Court to compel Plaintiff "to provide complete responses to their Interrogatories and Requests for Production of Documents within five (5) days." Defs.' Mot. (Doc. No. 51) at 1-2. Defendants did not attach a signed copy of these discovery requests to their motion. *See* Fed. R. Civ. P. 26(g).

On August 3, 2016, the Court issued a Scheduling Order instructing the parties to file dispositive motions by September 30, 2016, and to complete discovery by November 1, 2016. *See* Sched. Order (Doc. No. 23) at 1-3. That Order also allowed each party to serve—and directed the other party to timely respond or object to—interrogatories, document requests, and requests for admission in accordance with the federal and local rules of civil procedure. *Id.* at 2 (citing Fed. R. Civ. P. 33, 34, 36; LCvR 33.1, 36.1). The Court has twice granted Defendants' requests to amend the Scheduling Order and has extended the discovery and dispositive-motions deadlines by more than 120 days. *See*

Order of Sept. 14, 2016 (Doc. No. 27) at 1; Order of Dec. 12, 2016, at 2-3.[1] Currently, discovery must be complete by February 2, 2017, and motions for summary judgment or other dispositive motions are due by February 13, 2017. *See* Order of Dec. 12, 2016, at 3.

In their motion, Defendants assert that Plaintiff was served by mail with discovery requests on November 14, 2016, and did not respond to those requests before his thirty-day deadline expired. Defs.' Mot. at 1; *see also* Sched. Order at 2. On December 29, 2016, Defendants' counsel mailed Plaintiff a letter informing him that his discovery responses were past due and stating that Plaintiff's upcoming deposition would have to be rescheduled if counsel did not receive Plaintiff's written responses by January 4, 2017. *See* Defs.' Mot. Ex. 1 (Doc. No. 51-1) at 1; Defs.' Mot. at 1-2. On January 20, 2017, Plaintiff filed a document (unrelated to this discovery dispute) in which Plaintiff suggests that he received Defendants' discovery requests, but states that has not "been able to reply" to those requests because he does not "know how to respond[] or what to do" with them. Pl.'s Mem. (Doc. No. 48) at 3. Defendants assert that they still have not received Plaintiff's responses and ask the Court to compel Plaintiff "to provide complete responses to their Interrogatories and Requests for Production of Documents within five (5) days." Defs.' Mot at 1.

Defendants' motion to compel does not include a signed copy of their discovery requests or the required "certification that the movant has in good faith conferred with the person or party failing to make disclosure or discovery in an effort to obtain it without court

---

[1] The Court also granted Plaintiff's request for an additional 30 days to produce his initial disclosures. *See* Order of Sept. 14, 2016, at 1.

action." Fed. R. Civ. P. 37(a)(1); *see* Fed. R. Civ. P. 26(b), (g)(2); LCvR 37.1. Accordingly, Defendants' Motion to Compel (Doc. No. 51) is DENIED without prejudice as premature.

Nevertheless, the Court issues the following instructions to guide the parties in meeting their obligation to comply with this Court's orders and the applicable federal and local rules of civil procedure, including those governing discovery.[2] Discovery is an important part of litigation, and there are many specific rules that are designed to help the parties get the information and evidence they need to litigate a case. *See, e.g.*, Fed. R. Civ. P. 26, 30, 31, 33, 34, 36; *see generally Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 558-62 (D. Colo. 2014). For example, each party generally can ask the other party to answer written questions (called "interrogatories") about "any nonprivileged matter that is relevant to any party's claim or defense" in the lawsuit. Fed. R. Civ. P. 26(b); *see also* Fed. R. Civ. P. 33; Sched. Order at 2. "The interrogatories *must* be answered" or opposed in writing, and the "responding party *must* serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b) (emphasis added); *accord* LCvR 33.1; Sched. Order at 2. Similar rules apply when one party asks the other party to produce documents and other "tangible things." *See* Fed. R. Civ. P. 34(a)-(b). The other party cannot ignore the first party's properly served discovery requests simply because he or she does not know how to respond to those requests. *See* Fed. R. Civ. P. 37(d); *Taylor*

---

[2] This Order uses plain language when discussing certain parts of those rules in an effort to ensure the pro se Plaintiff understands that he must follow the same procedural rules that apply to other litigants. Both parties should carefully read all of the relevant discovery rules and follow them accordingly.

*v. Dist. of Colo. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004); Sched. Order at 2 (describing the consequences of noncompliance). The Court also can punish (or "sanction") a party who does not have a good excuse for refusing to follow these discovery rules by, among other things, entering default judgment against the "disobedient party" or dismissing the entire lawsuit. *See generally* Fed. R. Civ. P. 37(b), (d).

Accordingly, IT IS FURTHER ORDERED that the pro se Plaintiff shall have **14 days** from the date of this Order to respond—that is, to answer or object—to each of Defendants' previously served discovery requests. *See* Sched. Order at 2. Defendants' discovery requests and Plaintiff's answers and/or objections must comply with applicable federal and local procedural rules. *See, e.g.*, Fed. R. Civ. P. 26, 33, 34, 37; LCvR 33.1. After the responses are submitted by Plaintiff to Defendants, if there are any disputes about the sufficiency of an answer or the propriety of an objection, the parties must try to resolve such dispute on their own, and only if unable to do so may they seek the Court's assistance. *See* Fed. R. Civ. P. 37(a)(1); LCvR 37.1. The Court "shall refuse to hear any" motion or objection relating to discovery unless that request complies with Local Civil Rule 37.1.

IT IS SO ORDERED this 27th day of January, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE