IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WILLIE D. McCALISTER, )
)
       Plaintiff, )
vs. ) NO. CIV-15-1282-HE
)
OKLAHOMA CITY POLICE )
DEPARTMENT, *et al.*, )
)
       Defendants. )

# ORDER

Plaintiff Willie D. McCalister filed this § 1983 action against the Oklahoma City Police Department and Oklahoma City police officers Josh Castlebury and Chris Grimes. He claims the officers subjected him to excessive force when arresting him.[1] Consistent with 28 U.S.C. §636, the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin. He has issued a Report and Recommendation ("Report") regarding cross motions for summary judgment filed by the parties. He recommends that plaintiff's motion be denied in its entirety and that defendants' motion be granted in part and denied in part.[2]

---

[1] *Plaintiff asserts in his complaint that defendants violated his Eighth and Fourteenth Amendment rights "to be free from cruel punishment" Doc. No. 1, pp. 6, 7. However, the magistrate judge considered his claims under the Fourth Amendment's "objective reasonableness" standard because he had not yet been "charged with the underlying offenses when he was arrested." Doc. #77, p. 5. See* Porro v. Barnes, *624 F.3d 1322, 1325 (10th Cir. 2010).*

[2] *References to documents are to the CM/ECF document and page number.*

The material facts surrounding plaintiff's arrest are, for the most part, undisputed. *See* Doc. #77, pp. 6-7 & n.5.[3] On the evening of July 31, 2014, defendants Grimes and Castlebury were patrolling the Heritage Apartments in Oklahoma City, a complex known for gang and narcotics activity. Defendant Grimes noticed a strong odor of marijuana coming from the open door of an apartment. From what he could see inside the apartment – a person holding a roll of money talking to someone else – he concluded a drug deal was taking place. He told defendant Castlebury what was happening and then pushed the door open and entered the apartment to investigate the marijuana odor. Defendant Castlebury walked in behind him and they saw plaintiff run into the kitchen holding a plastic bag containing what appeared to be a brick of marijuana. While defendant Grimes took another person, Jeron Blandon, into custody, defendant Castlebury approached plaintiff and ordered him to get on the ground.

The parties dispute some of the facts regarding what happened next while defendant Castlebury was subduing plaintiff and taking him into custody. However, the magistrate judge states the following is not disputed: "Defendant Castlebury took Plaintiff to the ground by grasping the back of Plaintiff's head, struck Plaintiff in the face at least once, and handcuffed Plaintiff's hands behind his back while he was lying prone on the floor." Doc. #77, p. 8. He states that "[t]he parties also agree that Plaintiff's face, head, and bare

---

[3] *The magistrate judge notes that in his complaint plaintiff does not challenge either the arrest itself or defendants' warrantless entry into the apartment where he was arrested. See Doc. #77, p. 5 n.4. Plaintiff asserts in his objection that he did not challenge the arrest because he did not want to retract his plea. Because plaintiff did not raise that issue in his complaint, it is not properly before the court and will not be addressed here.*

2

shoulders were photographed immediately after the incident occurred, and that the photocopies of the undated color photographs that Defendants submitted with their motion accurately depict the injuries [Plaintiff] sustained." *Id*. (internal citations and quotation marks omitted).

Plaintiff was transported to the Integris Southwest Medical Center emergency department to be medically cleared before being taken to jail. Medical records attached to the complaint show that plaintiff was diagnosed with a head injury or concussion, which did "not appear serious at th[e] time," and had suffered contusions on his face, head and upper extremities." Doc. #1-1, pp 6, 13, 21. Testing showed "[s]oft tissue swelling in the left temporal scalp," *id*. at p. 20, but, as the magistrate judge notes, "no dislocations, fractures, or internal bleeding around Plaintiff's head and shoulders." Doc. #77, p. 9; *see* Doc. #1-1, pp. 15, 20-21. The attending physician discharged plaintiff into police custody with a prescription for acetaminophen-hydrocodone for pain. Plaintiff alleges in his complaint that defendant Castlebury used excessive force when effecting his arrest and that defendant Grimes "in his supervisory capacity failed to intervene or stop [Defendant] Castlebury's abusive treatment." Doc. 1, p. 7.

In his Report, the magistrate judge first addressed the motions filed by defendants Castlebury and Grimes. He agreed with defendant Castlebury that his conduct was objectively reasonable up to the point where he placed plaintiff in handcuffs because plaintiff was resisting arrest and was a threat to the safety of the officers inside the small apartment. However, he concluded that a genuine factual dispute exists over what

3

happened after plaintiff was restrained – whether at that point, as plaintiff contends in his affidavit, defendant Castlebury used excessive force by stomping on his head.

As for defendant Grimes, the magistrate judge concluded plaintiff failed to present evidence that he had a reasonable opportunity to intervene and prevent defendant Castlebury's asserted use of excessive force.[4] He determined the evidence was undisputed that, at the time defendant Castlebury was struggling with plaintiff elsewhere inside the apartment,[5] defendant Grimes "was engaged with another suspect." Doc. #77, p. 21.

In his motion plaintiff sought summary judgment on his claims against both defendants. The magistrate judge concluded plaintiff's motion should be denied. He determined material questions of fact exist with respect to plaintiff's excessive force claim against defendant Castlebury, such as whether the amount of force used was excessive and "whether a reasonable officer on the scene would have thought Plaintiff was 'actively resisting arrest' and posed 'an immediate threat' to officers and others inside the apartment." Doc. #77, p. 23 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). And for the reason discussed earlier --the lack of evidence that he had an opportunity to

---

[4] *Although plaintiff referred to defendant Grimes as defendant Castlebury's supervisor in the complaint, the magistrate judge, "[c]onsistent with the parties' arguments on summary judgment," construed plaintiff's claim against defendant Grimes as being based on his failure to protect plaintiff from harm, rather than being due to his failure to supervise defendant Castlebury or exercise control over him. See Doc. #77, p. 19.*

[5] *Plaintiff did not respond to defendants' summary judgment motion and, as a result, the magistrate judge properly concluded he waived his right to controvert the facts asserted in it. See Reed v. Bennett, 312 F.3d 1190, 1196 (10th Cir. 2002) ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion."); LCvR56.1(e)).*

intervene -- the magistrate judge concluded that plaintiff was not entitled to summary judgment against defendant Grimes.

The magistrate judge addressed one final issue. Plaintiff named the Oklahoma City Police Department ("OCPD") in the caption of his complaint, but did not make any allegations against the OCPD or attempt to serve it. The magistrate judge concluded plaintiff had therefore failed to state a claim against the OCPD and his claims against it should be dismissed without prejudice.[6]

Plaintiff and defendant Castlebury filed objections to the Report. Plaintiff argues that defendant Grimes was "5 feet away from J. Castlebury during the assault against Plaintiff, not in another part of the apartment."[7] Doc. #78, pp. 1-2. He also asserts that because it was a "one bedroom apartment," which was "not that big," defendant Castlebury "could clearly see what was going on." *Id*. at p. 2. One problem is plaintiff does not substantiate or offer any evidence to support his statements in his objection. A more serious problem, though, is plaintiff admitted, by not controverting defendants' facts in their summary judgment motion, that at the time "Officer Castlebury was struggling with [him], Sgt. Grimes was attempting to secure Jeron Blandon for officer safety." Doc. #63, p. 2, ¶4. Plaintiff thus, in effect, conceded that defendant Grimes could not have had "a realistic

---

[6] *The magistrate judge also noted that police departments usually are not considered suable entities under § 1983. See* Lindsey v. Thomson, *275 Fed. Appx. 744, 747 (10th Cir. 2007).*

[7] *As one of his objections, plaintiff appears to assert that the magistrate judge and defendants have mischaracterized his allegations. He states he has always claimed that defendant Castlebury both punched him in the face and stomped him in the head. As this dispute does not affect the rulings on the motions for summary judgment, the court finds it unnecessary to resolve the issue or address it.*

opportunity to intervene to prevent the harm from occurring." Vondrak v. City of Las Cruces, 535 F.3d 1198, 1210 (10th Cir. 2008). And he is required to establish that the defendant had the ability to intercede "[i]n order for liability to attach." Id. Simply being close by would not be enough to hold defendant Grimes liable under § 1983 if he was, at the very same time, trying to subdue another suspect. Plaintiff has failed to offer any evidence creating a fact question as to whether defendant Grimes was "capable of preventing the harm [to plaintiff] being caused by another officer." Id. The magistrate judge therefore correctly concluded that, based on the undisputed facts, defendant Grimes is entitled to summary judgment. His request for summary judgment will be granted.

Defendant Castlebury objects to the magistrate judge's determination that he is not entitled to summary judgment because a material fact question remains with respect to what occurred after plaintiff was handcuffed. He relies on the Supreme Court's decision in Scott v. Harris, 550 U.S. 372 (2007), which he argues the magistrate judge read too narrowly. The court disagrees.

The Supreme Court held in Scott that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. at 380. However, as the magistrate points out, Scott included "a videotape capturing the events in question." Id. at 378. Here, though, the photographs defendant Canterbury is relying on do not depict the actual event as it unfolded. Rather, the only evidence as to what happened after plaintiff was restrained are the differing accounts of the parties. The correct question, as framed by the magistrate

6

judge, is whether the "depictions of the *visible effects* of the alleged postrestraint assault, i.e., the relatively 'minor' injuries shown in the photographs and medical records, cause Plaintiff's account of what happened to be 'so utterly discredited' that no reasonable jury could believe it." Doc. #77, p. 17 (quoting Scott, 550 U.S. at 380). The magistrate judge concluded a reasonable jury could believe plaintiff's sworn version of the incident, despite the photographs showing limited injuries. The photos might "speak to the extent of Plaintiff's injuries (and damages)," but a jury could nonetheless find that defendant Castlebury used excessive force after plaintiff was restrained. Doc. #77, p. 17.

The magistrate judge also found plaintiff's testimony to be supported, rather than negated, by the medical records. For example, he cites plaintiff's discharge papers showing "that he was assessed with a minor concussion that could have resulted 'from a blow to the head.'" Doc. #77, p. 18 (quoting Doc. #1-1, p.6). That distinguishes this case from Bruner v. Stevens, 2014 WL 4435931 (W.D.Okla. Sept. 9, 2014), another case relied on by defendant.

The Tenth Circuit's discussion of Scott in Rhoads v. Miller, 352 Fed. Appx. 289, 291 (10th Cir. 2009), where the court was considering a denial of qualified immunity, also is instructive. The court noted that, when considering whether a defendant is entitled to qualified immunity it usually adopted the plaintiff's version of the facts, unless "that version 'is so utterly discredited by the record that no reasonable jury could have believed him.'" Id. (quoting Scott, 550 U.S. at 380). While there were obvious issues in Rhoads with the plaintiff's testimony – he was an alcoholic and had admitted memory problems – the court determined that the Scott standard was not met. After observing that, "[i]n Scott,

7

the plaintiff's testimony was discredited by a videotape that completely contradicted his version of the events," the Tenth Circuit stated: "Here, there is no videotape or similar evidence in the record to blatantly contradict Mr. Rhoads' testimony. There is only other witnesses' testimony to oppose his version of the facts, and our judicial system leaves credibility determinations to the jury." *Id*. (internal citations omitted); *see also* Cordero v. Froats, 613 Fed. Appx. 768, 769 (10th Cir. 2015) (concluding Scott standard not met despite existence of audio recordings, a videotape and physical evidence, though noting that "video here does not clearly show [decedent] holding a gun"). Here, too, defendant Castlebury has not come forth with a videotape or similar evidence which "blatantly contradicts" plaintiff's affidavit.

The court agrees with the magistrate judge's analysis and his conclusion that defendant Castlebury is not entitled to summary judgment because of the existence of questions of material fact. *See* Rhoads, 352 Fed. Appx. at 291 ("And given the undisputed fact of injury, Mr. Rhoads' alcoholism and memory problems go to the weight of his testimony, not its admissibility."). Defendant Castlebury's request for summary judgment will be denied.

Accordingly, the court **ADOPTS** Magistrate Judge Goodwin's Report and Recommendation. Plaintiff's motion for summary judgment [Doc. #65] is **DENIED**. Defendants' motion for summary judgment [Doc. #63] is **DENIED** with respect to plaintiff's excessive force claim against defendant Castlebury and **GRANTED** with respect to his excessive force claim against defendant Grimes based on his asserted duty to

intervene and protect plaintiff. Plaintiff's claims against defendant Oklahoma City Police Department are **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

Dated this 3rd day of January, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE